IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRAD BORUK, | |
| PLAINTIFF, | |
| v. | Case No. 4:13-cv-486 |
| DEBT RECOVERY SOLUTIONS, LLC, | |
| DEFENDANTS | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA").

### VENUE

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

### PARTIES

6. The Plaintiff, Brad Boruk ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Debt Recovery Solutions, LLC ("Defendant DRS") has its principal place of business in Westbury, New York.

8. Defendant DRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The principal purpose of Defendant DRS is the collection of debts using the mails and telephone and other means.

10. Defendant DRS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. Defendant DRS is not registered to do business in the state of Texas and has no registered agent in Texas.

## FACTUAL ALLEGATIONS

12. At some time in the past, Plaintiff allegedly incurred a financial obligation, which was, upon information and belief, sold to a debt buyer. The alleged financial obligation was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

13. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. The debt buyer tried to recover the unpaid portion of the Account by placing with or otherwise transferring the Account to Defendant DRS for collection.

15. Plaintiff disputes the Account.

16. Plaintiff requests that all defendants cease all further communication on the Account.

17. Defendant DRS's collector(s) were employee(s) of Defendant DRS at all times mentioned herein.

18. Defendant DRS acted at all times mentioned herein through its employee(s).

19. Defendant DRS acted at all times mentioned herein as an agent for the debt buyer.

20. On or about July 10, 2013, Defendant DRS caused a letter to be mailed to 2625 R Ave., Plano, TX 75074. This letter (hereinafter "the July 10, 2013 letter") contained information about the debt allegedly owed by Plaintiff and indicated to the reader that the debt was delinquent, past due, unpaid and in collection.

21. Plaintiff does not and never has lived at 2625 R Ave. in Plano, Texas.

22. Plaintiff has never indicated to any creditor or debt collector that mail should be mailed to him at 2625 R Ave. in Plano, TX.

23. By mailing the July 10, 2013 letter to 2625 R Ave., Plano, TX 75074, Defendant DRS disclosed information about Plaintiff's debt to a third party.

24. The third party that received the July 10, 2013 letter read the letter.

25. The third party that received the July 10, 2013 letter did not previously know that Plaintiff was in default on the account in question.

26. Defendant DRS's purpose for mailing the July 10, 2013 letter to Plaintiff was to attempt to collect the Account.

27. The July 10, 2013 letter constituted a "communication" as defined by FDCPA § 1692a(2).

28. The only reason that Defendant DRS and/or representative(s), employee(s) and/or agent(s) of Defendant DRS sent the July 10, 2013 letter to Plaintiff was to attempt to collect the Account.

29. The only reason that Defendant DRS and/or representative(s), employee(s) and/or agent(s) of Defendant DRS sent the July 10, 2013 letter to Plaintiff was to attempt to collect the Account.

30. The only reason that Defendant DRS and/or representative(s), employee(s) and/or agent(s) of Defendant DRS sent the July 10, 2013 letter to Plaintiff was to attempt to collect the Account.

31. The communications and actions of Defendant DRS and its representative(s), employee(s) and/or agent(s) constitute illegal communication with a third party in connection with debt collection and violate 15 U.S.C. § 1692c(b).

32. The actions of Defendant DRS and its representative(s), employee(s) and/or agent(s) were done knowingly and willfully.

33. As a consequence of Defendant DRS's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

34. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

35. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

36. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

37. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

38. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

39. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

40. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

41. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to FDCPA 1692k(a) and Tex. Fin. Code § 392.403.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

42. The previous paragraphs are incorporated into this Count as if set forth in full.

43. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b).

44. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

45. Plaintiff is entitled to and hereby demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Court grant the following:

46. Judgment in favor of the Plaintiff and against the Defendant.

47. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

48. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

49. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

50. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Jeffrey D. Wood
    Jeffrey D. Wood, Esq.
    ArkBN: 2006164
    103 N. Goliad, Suite 204
    Rockwall, TX  75087
    TEL:  615-628-7128
    FAX:  615-807-3344
    EMAIL:  jeff@mmlaw.pro

    *Attorney for Plaintiff*

    Of Counsel to:
    McClendon & Milligan
    PO Box 828
    Franklin, TN  37065-0828

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Brad Boruk

**(b)** County of Residence of First Listed Plaintiff: Collin County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeff Wood
103 N. Goliad, Suite 204
Rockwall, TX 75087

**DEFENDANTS**
Debt Recovery Solutions, LLC

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | [X] 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. sec. 1692
Brief description of cause:
unlawful debt collection practices

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/23/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffrey D. Wood

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____